IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ANDRES GREEN, | : | |
| Petitioner, | : | MISCELLANEOUS CASE |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | NO. 11-mc-0265 |
| Respondent. | : | |
| | : | |

MEMORANDUM OPINION

**Rufe, J.**                                                                                    **September 28, 2012**

The United States has filed a motion to dismiss Petitioner's "Complaint/Petition to Quash" ("Petition"). Because the Court lacks subject matter jurisdiction over the Petition, the motion will be granted.

I.      BACKGROUND

Petitioner Mark Andres Green, proceeding *pro se,* filed the Petition, seeking to quash a third-party summons issued by the Internal Revenue Service ("IRS") to Wells Fargo Home Mortgage ("Wells Fargo"). The summons sought information related to any mortgage held by Wells Fargo on property owned by Mark and Jana Green.[1] It appears from the record that a copy of the summons was forwarded to Petitioner on October 13, 2011, by "Wachovia Mortgage, a

---

[1] Complaint/Petition, Attachment 2 at 2-4 [Doc. No. 2-3 at 4-6]. Specifically, the summons requested "information in [Wells Fargo's] records regarding mortgage(s) held by [Wells Fargo] on property owned by MARK A. & JANA R. GREEN . . . . [including] (1) Original amount of obligation (mortgage). (2) Copy of the mortgage(s). (3) Balance due on obligation (mortgage). (4) Kind of property involved. (5) Amount of each payment. (6) How account is secured. (7) Date and place instrument was recorded. (8) Copies of the last six (6) checks or instrument submitted in payment on each account." Doc. No. 2-3 at 4. This information was sought for the period identified as "Form 1040 for the calendar periods ending December 31, 1997, December 31, 1998, December 31, 1999, December 31, 2000 and December 31, 2010." Doc. No. 2-3 at 5.

division of Wells Fargo Bank, N.A."[2]

The United States moves to dismiss the Petition to Quash under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.      STANDARD OF REVIEW

Where a party asserts that sovereign immunity deprives a federal court of subject matter jurisdiction, "the motion may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."[3]  "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'"[4]  Where a defendant does not challenge the truthfulness of the facts material to a jurisdictional analysis, a court evaluates the motion as a facial attack, accepting the factual allegations in the complaint, along with any attachments, as true to determine whether the facts as alleged provide a basis for the court's subject matter jurisdiction.[5]  The summons is attached to the Petition and may be considered.

## III.     DISCUSSION

Respondent argues that Petitioner lacks standing to file a motion to quash.  Specifically, it argues that because Petitioner was not entitled to notice of the summons, the United States has not waived its sovereign immunity to suit.

The IRS has the power to issue a summons to "any person having possession, custody, or

---

[2] Complaint/Petition, Attachment 2 at 1 [Doc. No. 2-3 at 3].

[3] Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n. 2 (3d Cir. 1996); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).

[4] Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

[5] Id. at 302 n. 3.

care of books of account containing entries relating to the business of the person liable for

tax . . ..["6] The Internal Revenue Code sets forth the circumstances under which notice must be

provided to a person when a summons requires a third party to give testimony or produce records

relating to that person.[7]  If a person is entitled to notice, the statute "provides certain limited

circumstances in which [this] person may intervene in a third-party IRS summons and file a

motion to quash" and waives the sovereign immunity of the United States for this purpose.[8]

Thus, if Petitioner is not entitled to notice, he has no standing to bring a proceeding to quash the

summons, sovereign immunity is not waived, and, consequently, the Court lacks jurisdiction to

entertain the petition.[9]

The question, therefore, is whether the IRS was required to give notice to Petitioner. The

Court finds it was not.  The summons states that it "is issued in aid of collection of a tax

assessment."[10]  Under the Internal Revenue Code, a summons "issued in the aid of collection of

---

[6] 26 U.S.C. § 7602(a)(2).

[7] 26 U.S.C. § 7609(a)(1).

[8] McCanna v. Sena, Nos. 07-014 & 08-027, 2008 WL 5456388, at *2 (D.N.M. Nov. 24, 2008) (emphasis in original); see also Pilchesky v. United States, No. 08-0103, 2008 WL 2550766, at *3 (M.D. Pa. Jun. 23, 2008) ("In 26 U.S.C. § 7609, Congress provided a limited waiver of sovereign immunity, consenting to petitions to quash summonses . . . ."). "[A]ny person who is entitled to notice of a summons under subsection [7609](a) shall have the right to begin a proceeding to quash such summons . . . ." 26 U.S.C. § 7609(b)(2)(A).

[9] See McCanna, 2008 WL 5456388, at *2 ("Thus, if a summons is issued in aid of collection, no notice is required, sovereign immunity has not been waived, and the district court does not have subject-matter jurisdiction over a petition to quash the summons."); see also Davidson v. United States, No. 92-1244, 1998 WL 339541 at *1 (10th Cir. Cir. June 9, 1998) ("[I]f a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons." (citation omitted)); Pflum v. United States, No. 97-3040, 1997 WL 606909, at *1 (10th Cir. Oct. 2, 1997) ("[A] court has no subject matter jurisdiction over such a proceeding if the summons was issued 'in aid of the collection of [ ] the liability of any person against whom an assessment has been made or judgment rendered.'"[(quoting what was then 26 U.S.C. § 7609(c)(2)(B)(I)]); Church of Human Potential, Inc. v. Vorsky, 636 F. Supp. 93, 94 (D.N.J 1986) ("Essentially, a District Court lacks jurisdiction to entertain a petition to quash a collection summons.").

[10] Doc. No. 2-3 at 4.

[] an assessment made or judgment rendered against the person with respect to whose liability the summons is issued" is exempt from the requirement of notice and the right to intervene.[11]

Petitioner does not dispute that the summons was issued in aid of collection of an assessment, but instead argues that the summons is "void as a matter of law"[12] and "invalid" because it was issued and signed by Revenue Officer Fred Rice rather than the Commissioner of the IRS.[13] Petitioner also appears to dispute the underlying tax liability itself and Petitioner's obligation to pay taxes.[14] Because the United States has not waived its sovereign immunity in this instance, the Court lacks jurisdiction to resolve these disputes and the Petition will be dismissed.[15]

IV. CONCLUSION

For the reasons stated above, the Court lacks jurisdiction to consider the Petition, which will be dismissed. An appropriate order will be entered.

---

[11] 26 U.S.C. § 7609(c)(2)(D)(I); see also Tarantino v. U.S. Internal Revenue Serv. 321 F. App'x 638 (9th Cir. 2009) (quoting Ip v. United States, 205 F.3d 1168, 1170 n.3 (9th Cir. 2000) ("The Internal Revenue Service . . . was not required to provide Tarantino notice under 26 U.S.C. § 7609(a) because it issued the summons in the aid of the collection to Tarantino's tax liability.'[I]f a person is not entitled to notice under § 7609(a), he or she has no standing to initiate an action to quash the summons.'") (internal citation omitted).

[12] Complaint/Petition at 5.

[13] Pet'r's "Motion in Opposition" to the Motion to Dismiss [Doc. No. 6].

[14] Pet'r's Mot. in Opp. at 2; Complaint/Petition at 3-4, 10-22. As the Court noted in its November 15, 2011 Order [Doc. No. 3], to the extent that Petitioner seeks to challenge his obligation to pay a federal tax, this Court does not yet have jurisdiction over the matter. See generally Flora v. United States, 357 U.S. 63 (1958).

[15] Respondent also moves for dismissal based on Federal Rule of Civil Procedure 12(b)(6), which provides that dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Because the Court lacks subject-matter jurisdiction over the Petition, the Court does not address the merits of the claim pursuant to Rule 12(b)(6), but notes that courts have rejected arguments similar to those raised by Petitioner as to the authority of a revenue officer to issue a summons. See, e.g., Herip v. United States, 106 F. App'x 995, 999 (6th Cir. 2004); United States v. Crum, 288 F.3d 332, 334 (7th Cir. 2002) (collecting cases); United States v. Hooper, No. 95-35565, 1995 WL 792039, at *1 (9th Cir. Dec. 11, 1995).